**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIMMY ESSEL DILLAHUNT, JR.,<br><br>Petitioner,<br><br>vs.<br><br>PETER J. WEEKS *et al*.,<br><br>Respondents. | No. 3:26-cv-1491<br><br>Magistrate Judge Peter E. Ormsby |

**MEMORANDUM ORDER**

Petitioner, a resident of North Carolina proceeding without the assistance of counsel, has filed a Motion for Leave to Proceed in forma pauperis (IFP), accompanied by a Petition for Writ of Habeas Corpus pursuant to 42 U.S.C.§ 2241. ECF No. 1-1. In the Petition, Petitioner seeks relief related to unresolved criminal proceedings in the Blair County Court of Common Pleas, and an active bench warrant issued by a Blair County Magistrate. ECF No. 1-1. In brief, Petitioner seeks "an order requiring the Commonwealth to either provide Petitioner a prompt hearing before a Pennsylvania court of competent jurisdiction, or to recall the warrant….." ECF No. 1-1 at 2. The IFP Motion, which was filed on August 3, 2026, remains pending. As a result of this procedural posture, the Petition has not been served on any Defendant.

On August 24, 2026, and September 1, 2026, Petitioner filed two supplements. ECF Nos. 3, 4. The first proffers an Order entered by the Blair County Court of Common Pleas, directing the Commonwealth of Pennsylvania, through the Blair County District Attorney's Office, to file a statement of intention to proceed with the criminal charges against Petitioner. ECF Nos. 3, 3-1. The second, entitled "Notice of Scheduled Preliminary Hearing, and Request for Administrative

Abeyance or, Alternatively, Dismissal Without Prejudice," advises that a preliminary hearing is scheduled for October 21, 2026, in the underlying criminal case. ECF No. 4 at 2. Due to the hearing, Petitioner "respectfully requests an administrative stay, terminating of its own force on November 4, 2026 – fourteen days after the scheduled hearing – or upon the filing of [a] status report…." *Id.* at 15.

"It has long been recognized that district courts retain the discretion to control the orderly disposition of cases on their docket through the entry of a stay." *Burley v. Parra*, No. CV 2:20-1805, 2021 WL 4594674, at *3 (W.D. Pa. Oct. 6, 2021). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983) (quoting *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936)). Accordingly, "[a] decision to stay litigation lies within the sound discretion of the court….'" *Neste Oil OYJ v. Dynamic Fuels, LLC*, Civ. No. 12–1744–GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

The Court finds that the requested stay serves the interests of efficiency, economy, and justice. For the foregoing reasons, Plaintiff's request for an administrative stay is GRANTED.[1] The Clerk is directed to stay this matter. The stay will be lifted if and when Plaintiff files a Motion to Lift the Stay, which includes a pertinent status update and the reasons that the stay should be lifted. The stay is no longer than required to serve its purpose and is unrelated to the

---

[1] Going forward, all requests for Court action shall be made by separate Motion, accompanied by a proposed order in compliance with Local Rule 7. The Local Rules can be found at https://www.pawd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

merits of any matter before the Court. In granting the stay, the Court expresses no opinion on the merits of the Petition.

AND NOW, this 16th day of September 2026, IT IS SO ORDERED.

BY THE COURT:

Peter E. Ormsby
United States Magistrate Judge